UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL JAY LEE HARVEY,<br><br>          Petitioner,<br><br>   v.<br><br>PAT GLEBE,<br><br>          Respondent. | CASE NO. C13-6094 BHS-KLS<br><br>ORDER DENYING PETITIONER'S SECOND MOTION FOR APPOINTMENT OF COUNSEL |

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. This is Petitioner's second motion for appointment of counsel. Dkt. 16. The Court, having reviewed the motion, hereby finds and ORDERS as follows:

There is no right to have counsel appointed in cases brought under 28 U.S.C. §2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing 28 U.S.C. §2254 Cases in the United States District Courts 6(a) and 8(c). The Court also may appoint counsel at any stage of the case if the interest of justice so requires. *Weygandt*,

718 F.2d at 754. In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

Respondent has filed an answer and the petition is ripe for review. Dkt. 13. Petitioner has not requested that he be allowed to conduct discovery in this matter, nor does the Court find good cause for granting him leave to do so at this stage of the proceedings. *See* Rule Governing 28 U.S.C. § 2254 Cases in the United States District Courts 6(a). In addition, despite Petitioner's claim that an evidentiary hearing must occur, Dkt. 16, the undersigned has not determined an evidentiary hearing will be required and review of the petition is limited to the record that was before the state court. *Cullen v. Pinholster*, __ U.S. __ 131 S. Ct. 1388, 1398-1400, 179 L.Ed. 2d 557 (2011). Petitioner has not shown that his particular conditions of confinement are such that "the interests of Justice" require appointment of counsel.

Accordingly, Petitioner's second motion for appointment of counsel, (Dkt. 16), hereby is DENIED.

The Clerk shall send a copy of this Order to Petitioner and to counsel for respondent.

Dated this 7th day of April, 2014.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge