UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL J. LEE HARVEY,

          Petitioner,

v.

PATRICK GLEBE,

          Respondent.

CASE NO. C13-6094 BHS-KLS

ORDER AFFIRMING DECISION TO DECLINE APPOINTMENT OF COUNSEL

This matter comes before the Court on an order denying Petitioner's motion to appoint counsel in his 28 U.S.C. § 2254 matter (Dkt. 10) by the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 12), and Petitioner's objections to that order pursuant to Fed. R. Civ. P. 72(a) (Dkt. 18).

Petitioner objects to Judge Strombom's decision not to appoint counsel on several bases. Dkt. 18. He essentially maintains that he requires an evidentiary hearing because he is claiming ineffective assistance of counsel and actual innocence; asserts that a recanted statement needs to be investigated by counsel; and states that it would be a miscarriage of justice not to appoint counsel. *See* Dkt. 18 at 1-4.

In reviewing non-dispositive motions, like the instant one, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a)

1      There is no right to have counsel appointed in cases brought under 28 U.S.C. §
2 2254, unless an evidentiary hearing is required or such appointment is "necessary for the
3 effective utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495
4 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995). The Court
5 also may appoint counsel at any stage of the case if the interest of justice so requires.
6 *Weygandt v. Look*, 718 F.2d 952, 754 (9th Cir. 1983). In deciding whether to appoint
7 counsel, however, the Court "must evaluate the likelihood of success on the merits as
8 well as the ability of the petitioner to articulate his claims pro se in light of the
9 complexity of the legal issues involved." *Id.*

10      In determining whether Petitioner is entitled to appointment of counsel, Judge
11 Strombom properly considered the above standard. *See* Dkt. 12 at 1-2. She determined
12 that the Petitioner had not requested discovery, nor shown good cause for such. Dkt. 12
13 at 2 (*citing* Rule Governing 28 U.S.C. § 2254 Cases in the United States District Courts
14 6(a)). Judge Strombom further indicated the she had not determined whether an
15 evidentiary hearing would be required, but found that it does not appear that one is
16 needed at this juncture. *Id.* (*citing* Rule Governing 28 U.S.C. § 2254 Cases in the United
17 States District Courts 8(c)). Additionally, Judge Strombom correctly determined that
18 Petitioner did not show that his particular terms and conditions of confinement are such
19 that the "interest of justice" mandate that counsel be appointed. Dkt. 12 at 2.

20      The Court concurs with Judge Strombom's analysis and conclusion. Nothing in
21 Petitioner's objections, which are largely just assertions, demonstrate that her well-
22 supported decision was "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The Court having considered the order, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) Judge Strombom's order denying the Petitioner's motion to appoint counsel is **AFFIRMED**;

(2) Petitioner's objection to Judge Strombom's decision to deny counsel (Dkt. 18) is **DENIED**.

Dated this 16th day of June, 2014.

BENJAMIN H. SETTLE
United States District Judge